IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION



FILED

APR - 2 2015

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

**UNITED STATES OF AMERICA,**

v.  **CRIMINAL NO. 2:14cr115**

**CHARLES ILAGAN HULGUIN,**

**Defendant**

## OPINION AND ORDER

This matter is before the Court on multiple pre-trial motions filed by Charles Ilagan Hulguin ("Defendant"). For the reasons set forth herein, (1) Defendant's Motion for Disclosure of 404(b) and 609 Evidence, ECF No. 73, is **DENIED AS MOOT**; (2) Defendant's Motion for a Bill of Particulars, ECF No. 74, is **GRANTED IN PART** and **DENIED IN PART**; (3) Defendant's Motion for Exculpatory Evidence, ECF No. 75, is **DENIED**; (4) Defendant's Motion *in Limine* to Exclude Evidence, ECF No. 77, is **DENIED**; (5) Defendant's Motion for Notice of Evidence Intended to be Used at Trial, ECF No. 78, is **DENIED AS MOOT**; (6) Defendant's Motion for Disclosure of Bad Acts, ECF No. 79, is **DENIED AS MOOT**; (7) Defendant's Motion to Sever, ECF No. 80, is **DENIED**; and (8) Defendant's Motion for Leave to File Additional Motions as They Become Appropriate, ECF No. 81, is **DENIED**. The Court will consider each motion in turn.

I. **PROCEDURAL HISTORY**

On August 7, 2014, Defendant was charged in a twenty-four count indictment with co-defendants Enrique Garcia Pamular, Jr., Rhajan Aguilar Cabida, Jefferson Larce Suarez, and

1

Roger Lewis Toone. ECF No. 3. Defendant was charged with seven counts: (1) Count One, Controlled Substances Conspiracy, in violation of 21 U.S.C. § 846; and (2-7) Counts Five, Six, Seven, Eight, Twenty Two, and Twenty Three, Using the United States Mail to Cause, Commit and Facilitate a Felony Violation of the Controlled Substances Act, in violation of 21 U.S.C. § 843(b).

On January 21, 2015, Defendant appeared before Magistrate Judge Douglas E. Miller for arraignment. ECF No. 60. At arraignment, Defendant submitted an Agreed Discovery Order, which was signed by both parties, and adopted by the Court. ECF No. 61. This Agreed Discovery Order thoroughly addressed the disclosure obligations of each party. Id. It also set out a timeline for the production of evidence. Id.

On February 22, 2015, Defendant filed the instant motions. ECF Nos. 73, 74, 75, 77, 78, 79, 80, 81.[1] The Government filed a consolidated response to Defendant's motions on March 31, 2015. ECF No. 85. Defendant did not file a reply to the Government's response.

## II.     MOTION FOR DISCLOSURE OF 404(b) AND 609 EVIDENCE

Defendant moves the Court to "require the government to disclose its intention to rely on evidence pursuant to Rules 404(b) and 609 of the Federal Rules of Evidence, the substance of such evidence, and the witnesses that the government intends to call in proof of said evidence." ECF No. 73. Rule 404(b) evidence refers to evidence of a past crime, wrong, or other act introduced for

---

[1] Pursuant to Local Criminal Rule 12, all matters capable of being raised by a pretrial motion, including discovery and suppression of evidence, must be made within eleven days of arraignment. The court may consider motions submitted after this deadline, but the party filing the motion must show good cause for the delay. FED. R. CRIM. P. 12(c). Defendant's arraignment was on January 21, 2015. However, Defendant did not file the instant motions until February 22, 2015, well past the deadline.

2

a purpose other than to show conformity with said crime, wrong, or other act. Rule 609 evidence refers to evidence of a witness's criminal conviction used to impeach the witness's character for truthfulness. Pursuant to Rule 404(b), the Government is required to provide Defendant, upon request, reasonable notice of the general nature of any crime, wrong, or other act it indents to offer at trial. Pursuant to Rule 609, the Government is required to give reasonable written notice of its intent to use a criminal conviction of over 10 years old for impeachment.

Defendant does not allege that the Government beached its duty to disclose. Moreover, Defendant and the Government already signed an Agreed Discovery Order that addresses what each party is required to disclose. The Government, for its part, openly acknowledges its obligations. In fact, the Government represents that it has already provided Defendant with a copy of his prior criminal record. ECF No. 85 at 2. It appears to this Court that an order directing the Government to disclose 404(b) and 609 evidence is wholly unnecessary. Therefore, Defendant's Motion for Disclosure of 404(b) and 609 Evidence is **DENIED AS MOOT**.

### III. MOTION FOR A BILL OF PARTICULARS

#### A. STANDARD OF REVIEW

Federal Rule of Criminal Procedure 7(c)(1) requires than an indictment be "a plain, concise, and definite statement of the essential facts constituting the offense charged . . . ." FED. R. CRIM. P. 7(c)(1). To supplement the information in the indictment, the defendant may move for a bill of particulars before or within 14 days after arraignment. Id. at 7(f). The purpose of a bill of particulars is to "enable a defendant to obtain sufficient information on the nature of the charge against him so that he may prepare for trial, minimize the danger of surprise at trial, and enable him to plead his acquittal or conviction in bar of another prosecution for the same offense." United

3

States v. Schembari, 484 F.2d 931, 934–35 (4th Cir. 1973). "A bill of particulars is not to be used to provide detailed disclosure of the government's evidence in advance of trial." United States v. Automated Medical Labs., Inc., 770 F.2d 399, 405 (4th Cir. 1985). Rather, a bill of particulars is limited to "essential information which may have been omitted from the indictment." United States v. Anderson, 481 F.2d 685, 690 (4th Cir.1973) (internal quotations and citations omitted). "In determining whether to grant a bill of particulars, a court may also consider whether the requested information has been or will be 'provided by other means, such as pretrial discovery, voluntary disclosure by the government, or the indictment itself.'" United States v. Tsoa, No. 1:13cr137 (JCC), 2013 WL 3242700 at *3 (E.D. Va. June 25, 2013) (internal citation omitted). The disposition of a motion for a bill of particulars is addressed to the sound discretion of the district court. Anderson, 481 F.2d at 690.

In a conspiracy case, the Government is "not required to prove any of the particular acts constituting the conspiracy." United States v. Hallock, 941 F.2d 36, 40 (1st Cir. 1991). Accordingly, "the absence of a statement of the precise dates and locations of such acts does not necessarily render the indictment impermissibly vague." Id. at 41; See United States v. Macauley, No. 1:11CR199 JCC, 2011 WL 4853366, at *3 (E.D. Va. Oct. 13, 2011) ("Where a particular date is not a substantive element of the crime charged, strict chronological specificity or accuracy is not required in the indictment."). Even where the Government alleges specific acts in furtherance of the conspiracy, it is not required to give the exact times of the alleged acts. United States v. Long, 449 F.2d 288, 294 (8th Cir. 1971).

**B.  APPLICATION**

Defendant asks for a bill of particulars containing additional information about the

4

allegations in Paragraphs 22, 23, and 82 of the indictment. He requests "the particulars of the specific dates, to include, date and month references therein; and the specific dates of the statements or events upon which the prosecution will rely to prove that a conspiracy existed and prove the specific allegations contained in said paragraphs." ECF No. 74 at 2. The paragraphs in the Indictment that Defendant refers to are as follows:

22. In or about 2012, at Chesapeake, in the Eastern District of Virginia, CHARLES ILAGAN HULGUIN possessed a firearm.

23. In or about 2012, in the Eastern District of Virginia, C.D. distributed two ounces of methamphetamine to CHARLES ILAGAN HULGUIN for further distribution.

82. In or about 2012, in the Eastern District of Virginia, CHARLES ILGAN HULGUIN provided RHAJAN AGUILAR CABIDA with counterfeit U.S. currency for methamphetamine.

ECF No. 3 at ¶¶ 22, 23, 82.

Although the Government is not required to disclose exact dates for the conduct it alleges, one year is a large range of time. The Government claims that it "has supplied specific dates in the Indictment where known . . . ." ECF No. 85 at 3. The Court will not order the Government to submit information that it does not itself possess. However, if and when the Government learns the approximate dates of the conduct described in Paragraphs 22, 23, and 82 of the Indictment, the Government shall disclose those approximate dates to Defendant. Defendant's request for the "specific dates of the statements or events upon which the prosecution will rely to prove that a conspiracy existed and prove the specific allegations" is an attempt to obtain detailed disclosure of the Government's evidence for trial, and is inappropriate for a bill of particulars.

Therefore, Defendant's Motion for Bill of Particulars is **GRANTED IN PART** and **DENIED IN PART**. To the extent it has such information, the Government is ordered to provide


approximate dates for the conduct described in Paragraphs 22, 23, and 82 of the Indictment. However the Government is not required to disclose the additional information requested by Defendant in a bill of particulars.

### IV. MOTION FOR EXCULPATORY EVIDENCE

Defendant requests this Court to order the Government to disclose:

> [A]ll details or information of the alleged criminal act charged against the Defendant that are favorable to the defendant as to guilt or sentencing and any and all information affecting credibility, reliability, bias or prejudice of any informants and any individuals expected to be called by the government in the trial of the case in chief....

ECF No. 75 at 1. Included in Defendant's motion is a long list of questions meant to elicit detailed information about the Government's informants and potential witnesses. Id. at 1–4.

Because this is not a capital case, Defendant is not entitled to a list of the Government's witnesses as a matter of right. United States v. Anderson, 481 F.2d 685, 693 (4th Cir. 1973) aff'd, 417 U.S. 211 (1974). Whether to order pre-trial disclosure of witness lists is "within the sound discretion of the trial court." United States v. Fletcher, 74 F.3d 49, 54 (4th Cir. 1996). Defendant is entitled to exculpatory evidence known to the prosecution and others, including the police, working acting on the Government's behalf in the case. Strickler v. Greene, 527 U.S. 263, 281 (1999). However, the Government does not have an affirmative duty to uncover exculpatory evidence that it does not possess. Spicer v. Roxbury Corr. Inst., 194 F.3d 547, 567 (4th Cir. 1999).

To the extent Defendant requests exculpatory evidence known to the Government, the issue has already been addressed by the Agreed Discovery Order. See ECF No. 61 at 4. Defendant has not alleged Government noncompliance with this Order. To the extent Defendant requests information beyond what is required in the Agreed Discovery Order, Defendant has not shown

cause as to why this Court should set aside the discovery terms he agreed to and grant such extensive discovery. Therefore, Defendant's Motion for Exculpatory Evidence is **DENIED**.

### V.  MOTION *IN LIMINE* TO EXCLUDE EVIDENCE

Defendant asks the Court to exclude "certain improper character evidence and/or prejudicial evidence relating to the allegation that Defendant possessed a firearm in 2012." ECF No. 77. The Fourth Circuit has consistently upheld the admissibility of firearm evidence in drug cases. See, e.g., United States v. Ricks, 882 F.2d 885, 892 (4th Cir. 1989); United States v. Ward, 171 F.3d 188, 195 (4th Cir. 1999); United States v. Collazo, 732 F.2d 1200, 1206 (4th Cir. 1984). Firearms are "tools of the drug trade and are commonly recognized articles of narcotics paraphernalia." Ward, 171 F.3d at 195. The Federal Rules of Evidence "evince a strong preference for the admission of all relevant evidence," and "[e]vidence of gun possession and ownership is logically relevant in many drug conspiracies." Id. Although there is no *pro se* rule requiring district courts to admit gun evidence, the court is given latitude to balance the risk of prejudice against the probative value of the evidence. Id. Even when there is a risk of prejudice, this risk can often be curtailed by a jury instruction. United States v. Allen, 226 F. App'x 290, 291 (4th Cir. 2007); United States v. Himes, 131 F.3d 137, 1997 WL 770910, at *2 (4th Cir. 1997).

Defendant has not shown that evidence of his gun possession would be so prejudicial as to overcome its substantial probative value in this case. The Court believes any potential prejudice can be adequately minimized by the use of a limiting jury instruction. Therefore, Defendant's Motion *In Limine* to Exclude Evidence is **DENIED**.

### VI.  MOTION FOR NOTICE OF EVIDENCE INTENDED TO BE USED AT TRIAL

Defendant's "Motion for Notice of Evidence Intended to be Used at Trial" does not appear

7

to be a motion at all. The filing is directed at the Government, not at the Court. To the extent that this filing is meant to be a motion, it addresses an issue already covered by the Agreed Discovery Order, and is therefore **DENIED AS MOOT**.

### VII. MOTION FOR DISCLOSURE OF BAD ACTS

Defendant moves this Court to order the Government to disclose whether it intends to introduce evidence of bad acts or a similar course of conduct by Defendant, as well as the nature of such evidence. ECF No. 79. However, the Agreed Discovery Order already stipulates that "the government shall provide notice to the defendant . . . of the general nature of any evidence of other crimes, wrongs, or acts of defendant which it intends to introduce at trial . . . ." ECF No. 61 at 4. Therefore, Defendant's Motion for Government to Disclose Bad Acts is **DENIED AS MOOT**.

### VIII. MOTION TO SEVER

#### A. STANDARD OF REVIEW

Federal Rule of Criminal Procedure 8(b) provides that "the indictment . . . may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately." Fed. R. Crim. P. 8(b).

Even when defendants are properly joined under Rule 8, a defendant may request severance pursuant to Federal Rule of Criminal Procedure 14(a). Rule 14(a) provides that "[i]f the joinder of offenses or defendants . . . for trial appears to prejudice a defendant . . . the court may . . . sever the defendants' trials." Fed. R. Crim. P. 14(a). Rule 14 severance should be granted only in those rare cases where "there is a serious risk that a joint trial would prevent the jury from making a reliable judgment about guilt or innocence," not where severance provides Defendant with a

8

better chance of acquittal. United States v. Cardwell, 433 F.3d 378, 387 (4th Cir. 2005) (citing Zafiro v. United States, 506 U.S. 534, 539 (1993)).

Complex cases involving defendants with markedly different degrees of culpability do, by nature, present a risk of prejudice. Zafiro, 506 U.S. at 539. Evidence that is technically admissible against only some of the defendants may in practice be held against all of them. Id. Conversely, a defendant might suffer prejudice if essential exculpatory evidence that would be available to a defendant tried alone were unavailable in a joint trial." Id. However, especially in conspiracy cases, this inherent risk rarely provides sufficient grounds for severance. United States v. Sappleton, 68 F. App'x 438, 440 (4th Cir. 2003) ("[T]he risk that evidence against one co-defendant will spill over to the case against another does not itself justify severance."); United States v. Searing, 984 F.2d 960, 965 (8th Cir. 1993) ("In the context of conspiracy, severance will rarely, if ever, be required."). "[L]ess drastic measures, such as limiting instructions, often will suffice to cure any risk of prejudice." Zafiro, 506 U.S. at 539.

### B. APPLICATION

In his Motion to Sever, Defendant seeks severance of his trial from that of his co-defendants—Enrique Garcia Pamular, Jr., Rhajan Aguilar Cabida, Jefferson Larce Suarez, and Roger Lewis Toone. ECF No. 80. Defendant contends that his trial should be severed because of his allegedly minor role in the conspiracy. Defendant claims that although there are "283 paragraphs containing alleged overt acts in furtherance of the conspiracy," Defendant is named only in 9 paragraphs. ECF No. 80. Defendant argues that, given his allegedly minor role, "it is highly prejudicial for the jury to hear testimony and other evidence relating to the co-defendants where [Defendant] was not involved spanning numerous years where [Defendant] was not even

9

alleged to have been involved." Id.

The Count finds Defendant's categorization of his role in the conspiracy as "minor" dubious. Although Defendant is sparsely referenced in Count One of the Indictment, the paragraphs he is referenced in indicate significant involvement with the conspiracy over the course of multiple years. Moreover, Defendant is also charged with six counts of Using the United States Mail to Cause, Commit and Facilitate a Felony Violation of the Controlled Substance Act. The acts alleged in these counts span from November 27, 2012 to January 8, 2014.

In any conspiracy case, some defendants will be more culpable than others. As such, there is almost always a risk that a less culpable defendant will suffer at trial because of his association with a more culpable defendant. Severance is not appropriate for these common occurrences. Rather, severance is meant for the rare cases where "there is a serious risk that a joint trial would prevent the jury from making a reliable judgment about guilt or innocence." Cardwell, 433 F.3d at 387. Defendant's risk of prejudice at trial is not so great as to warrant severance. The Court believes jury instructions will be able to minimize any prejudice that could arise at trial. Therefore, Defendant's Motion to Sever Trial from Co-Defendants is **DENIED**.

### IX. MOTION FOR LEAVE TO FILE ADDITIONAL MOTIONS AS THEY BECOME APPROPRIATE

Finally, Defendant motions for leave to file additional motions as they become appropriate. ECF No. 81. On January 1, 2015, Defendant and the Government signed an Agreed Discovery Order outlining the terms of discovery for this case. ECF No. 61. Absent any disputes between the parties, that Order should have been sufficient to effectuate discovery. Nonetheless, Defendant has since filed numerous discovery motions covering largely the same issues that were seemingly

decided by the Agreed Discovery Order. Moreover, Defendant filed these motions a month after arraignment, well past their respective deadlines. See FED. R. CRIM. P. 7(f), 12(c); E.D. VA. CRIM. R. 12. Given the redundancy of the motions Defendant has already filed, as well as the delay with which he has filed them, the Court will not issue an open-ended order giving Defendant carte blanche to file additional motions as he sees fit. See United States v. Zukowski, No. CRIM. 3:07-CR-31-02, 2007 WL 3543396, at *2 (D.N.D. Nov. 7, 2007). If at some point before trial Defendant believes an additional motion is necessary, he should seek permission to file said motion at that time. The Court will consider whether to grant permission to file a motion on a case to case basis. Therefore, Defendant's motion is **DENIED**.

## X.     CONCLUSION

For the reasons set forth above, (1) Defendant's Motion for Disclosure of 404(b) and 609 Evidence, ECF No. 73, is **DENIED AS MOOT**; (2) Defendant's Motion for a Bill of Particulars, ECF No. 74, is **GRANTED IN PART** and **DENIED IN PART**; (3) Defendant's Motion for Exculpatory Evidence, ECF No. 75, is **DENIED**; (4) Defendant's Motion *in Limine* to Exclude Evidence, ECF No. 77, is **DENIED**; (5) Defendant's Motion for Notice of Evidence Intended to be Used at Trial, ECF No. 78, is **DENIED AS MOOT**; (6) Defendant's Motion for Disclosure of Bad Acts, ECF No. 79, is **DENIED AS MOOT**; (7) Defendant's Motion to Sever, ECF No. 80, is **DENIED**; and (8) Defendant's Motion for Leave to File Additional Motions as They Become Appropriate, ECF No. 81, is **DENIED**.

The Clerk is **DIRECTED** to forward a copy of this Order to Defendant and all Counsel of Record.

**IT IS SO ORDERED**.

/s/
Robert G. Doumar,
Senior United States District Judge
_____
UNITED STATES DISTRICT JUDGE

Norfolk, VA
April 2, 2015

12